IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OWEN NELSON, #44870**                                                                                      **PETITIONER**

**VERSUS**                                            **CIVIL ACTION NO. 3:10-cv-855-HTW-LRA**

**MARGARETT BINGHAM, Superintendent**                                              **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On December 15, 2010, Petitioner Nelson, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner filed his response [7] to the Court's order [5] to amend regarding the exhaustion of his state court remedies on January 18, 2011. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

### Background

Petitioner was convicted of armed robbery in the Circuit Court of Marion County, Mississippi, on April 21, 1993, and sentenced to a term of life imprisonment. Petitioner states that he was paroled on July 18, 2009. Petitioner asserts complaints regarding his extradition from Louisiana to Mississippi on October 29, 2010, and his "pre-hearing parolee revocation meeting" of November 8, 2010, including his assertion that he did not sign a waiver of extradition when he was released on parole and that he was allowed to review, but was not given a copy of his arrest warrant. Further, Petitioner complains that since his arrest

he has not had a parole revocation hearing before the parole board.  Petitioner claims that his due process rights are being violated by the Mississippi Department of Corrections and the Mississippi Parole Board.  As relief, Petitioner states that he is seeking "discharge" which this Court equates to a request for his immediate release from incarceration.

Since Petitioner's original petition did not clarify if his parole had actually been revoked and further failed to mention any exhaustion of state court remedies, an order [5] was entered directing Petitioner to file an amended petition.  Petitioner was directed to "specifically state if he has filed (other than a direct appeal) any petitions, applications or motions with respect to his parole revocation in any court, state or federal" and Petitioner was directed to provide certain information about any filings.  The order [5] further directed the Petitioner "to specifically state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29."  Petitioner filed his response [7], wherein he states that he has not filed any actions with the state courts regarding his current imprisonment.

<u>Analysis</u>

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief.  *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996).  Title 28, Section 2254 of the

United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> > \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

The Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that "his probation, parole or conditional release [was] unlawfully revoked" or he is "otherwise unlawfully held in custody."  Miss. Code Ann. § 99-39-5(1)(h)(Supp.2009).  Inmates

asserting claims regarding parole revocation procedures have pursued such claims in the form of a motion for post-conviction collateral relief or a habeas corpus petition with the state courts. *See e.g., Walker v. State*, 35 So.3d 555 (Miss.Ct.App.2010)(PCR motion challenging parole revocation procedures); *Edmond v. State*, 991 So.2d 588 (Miss. 2008)(petition for writ of habeas corpus challenging parole revocation procedures); *Staten v. State*, 967 So.2d 678 (Miss.Ct.App.2007)(PCR motion challenging delayed filing of probation revocation petition); *Thorn v. State*, 815 So.2d 455 (Miss.Ct.App.2002)(PCR motion challenging parole violation arrest procedures). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state remedies.

      A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

      SO ORDERED, this the 27th day of January, 2011.

                            s/ HENRY T. WINGATE
                            UNITED STATES DISTRICT JUDGE